HORATIO N. McHARG v. ODIN HALDEN.[1]

June 20, 1901.

Nos. 12,692—(187).

**Resale of Land for Same Taxes.**

> Under Laws 1897, c. 290, certain premises were sold to a purchaser for more than the amount of the accumulated taxes against the land. This court having declared the act unconstitutional, and no refundment of the money having been made to the purchaser, as provided by Laws 1899, c. 93, *held*, the sale was valid as between the county and the purchaser, and no authority exists for a resale of the land for the same taxes, under the provisions of Laws 1901, c. 339; *held*, that the county, having received the full amount of the taxes at such sale, is estopped from reselling the premises for the same taxes, while claiming the benefit under the act by retaining the money received.

Action in the district court for St. Louis county, to restrain defendant, as county auditor for said county, from proceeding under Laws 1901, c. 339, to advertise and sell for taxes certain land owned by plaintiff, which had been sold previously to plaintiff's grantor to satisfy the same taxes, under Laws 1897, c. 290. No redemption was made from the previous sale, which was for a sum largely in excess of the amount of taxes due, and the proceeds of such sale were retained by the county. Defendant justified on the ground that Laws 1897, c. 290, having been held unconstitutional the sale made thereunder was void. The case was tried before Wm. B. Phelps, Esq., referee, upon whose report

[1] Reported in 86 N. W. 619.

judgment was entered perpetually restraining defendant from further proceeding in the premises. Defendant appealed from the judgment. Affirmed.

*Wilson G. Crosby,* Assistant County Attorney, St. Louis county, for appellant.

*Joseph W. Reynolds* and *Charles J. Berryhill,* for respondent.

LEWIS, J.

In the case of Munger v. Halden, infra, the premises sold at the tax sale for considerably less than the amount of accumulated taxes against it, and under such circumstances we doubted the application of the equitable rule of estoppel. In the present case, however, the premises were sold for more than double the amount of accumulated taxes, and it appears that both the tax and fee title under the sale have been merged in the respondent. Under such conditions, we can see no reason why the county should not be estopped from proceeding against the land for the same taxes, inasmuch as it has that amount, and more too, in its possession by virtue of the sale. While the doctrine applied in the other case controls here, we may also dispose of it upon the equitable principle which was not applied in that case.

Judgment affirmed.

**Resale of Land for Same Taxes.**

